UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS,
        Plaintiff,

v.                                       Case No. 11-14791
                                       Honorable Patrick J. Duggan

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and U.S. BANK,
        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 6); (2) GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "AMENDED MASS JOINDER COMPLAINT" (DOC. 14); AND (3) DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (DOCS. 10, 11, 15, 19, 20), AND MOTIONS FOR LEAVE TO AMEND COMPLAINT AND/OR FOR PERMANENT INJUNCTION (DOCS 21, 22, 23)**

On or about September 28, 2011, Plaintiff filed this lawsuit against Defendants in the Circuit Court for Oakland County, Michigan, raising claims associated with the foreclosure of property in Rochester Hills, Michigan ("Property"). Plaintiff filed an amended complaint on or about September 30, 2011; and Defendants removed the lawsuit to this Court based on diversity jurisdiction on October 31, 2011. This is Plaintiff's third lawsuit in this District arising from the foreclosure; she also has filed five Chapter 13 petitions in the bankruptcy court seeking to forestall the foreclosure proceedings.[1] Plaintiff's previous actions have been dismissed, either for failure to state a claim upon

---

[1] *Adams v. Wilmington Finance, et al.*, No. 07-15494 (E.D. Mich. filed Dec. 27, 2007); *In re Adams*, No. 08-60296 (Bankr. E.D. Mich. filed Aug. 21, 2008); *In re Adams*, No. 09-65692 (Bankr. E.D. Mich. filed Jan. 8, 2010); *Adams v. U.S. Bank*, No. 10-10567 (E.D. Mich. filed July 1, 2010); *In re Adams*, No. 10-44892 (Bankr. E.D. Mich. filed Feb. 19, 2010); *In re Adams*, No. 10-60057 (Bankr. E.D. Mich. filed June 21, 2010); *In re Adams*, No. 11-45799 (E.D. Mich. filed Mar. 4, 2011).

which relief may be granted or due to her failure to comply with court orders. For the reasons discussed below, this lawsuit also must be dismissed. Therefore, this Court is granting Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), striking Plaintiff's improperly filed second amended complaint, denying Plaintiff's motions to amend her complaint, and dismissing her pending motions for summary judgment and/or permanent injunctive relief. On January 9, 2012, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the pending motions pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Factual and Procedural Background

On February 9, 2006, Plaintiff executed a note in the amount of $121,000 in favor of Wilmington Finance, a division of AIG Federal Savings Bank ("AIG"). In connection with the note, Plaintiff executed a mortgage on the Property in favor of Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and the lender's successors and assigns. MERS assigned the mortgage to Defendant U.S. Bank on August 13, 2008.

In early 2008, Plaintiff defaulted on her mortgage loan. In response, U.S. Bank initiated foreclosure proceedings; however, those proceedings were stalled by Plaintiff's many subsequent legal filings in the district and bankruptcy courts in this District. *See supra* at n.1. Eventually, U.S. Bank recommenced foreclosure by advertisement proceedings on the Property and a sheriff's sale occurred on March 29, 2011. U.S. Bank purchased the Property at the sale for $80,000. The redemption period expired on

September 29, 2011.

The day before the redemption period expired, Plaintiff initiated this lawsuit. In her amended complaint, Plaintiff alleges numerous claims against Defendants based on her assertion that the foreclosure was unlawful because it was initiated by MERS (Counts I, III-VI, VIII-XI). Plaintiff relies on the Michigan Court of Appeals' decision in *Residential Funding Co. v. Saurman*, 292 Mich. App. 321, – N.W.2d – (2011). Plaintiff further alleges in Count II of her amended complaint that Defendants engaged in fraud and misrepresentation by informing the court (presumably the bankruptcy court in one of the Chapter 13 proceedings) that they provided Plaintiff a loan modification in 2008. In Count VII of her amended complaint, Plaintiff alleges unspecified violations of the Fair Debt Collections Practices Act ("FDCPA"). Lastly, Plaintiff alleges in Count XII that U.S. Bank violated the federal Home Affordable Modification Program ("HAMP") by (a) claiming that it received and then subsequently claiming that it did not receive Plaintiff's application for a loan modification; (b) testifying, fabricating, signing, and filing fraudulent documents claiming to have modified Plaintiff's loan in 2007; and (c) refusing to consider a modification "even after being ordered by a US Bankruptcy Judge." (Am. Compl. ¶ 112.)

On November 7, 2011, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 6.) On November 9, 2011, without seeking leave of the Court, Plaintiff filed an "Amended Mass Joinder Complaint" (Doc. 8), in which she seeks to bring her action on behalf of all Michigan homeowners whose property was foreclosed by

advertisement through proceedings initiated by MERS. (*See, e.g., id.* ¶ 85.) In this second amended complaint, Plaintiff attempts to add another plaintiff, Ronald Kerkstra, whose property also was foreclosed upon by advertisement; she also names as additional defendants the Comptroller of Currency and Jonathan Rosenthal (who she alleges is U.S. Bank's attorney). (*Id.* ¶ 170.) On November 22, 2011, Defendants filed a motion to strike, or in the alternative, to dismiss this pleading. (Doc. 14.)

Plaintiff has filed several pleadings in response to Defendants' motion to dismiss, including "answers," "affirmative defenses," an "amicus curiae brief," and motions for summary judgment. (Docs. 10-13, 15, 20.) On December 16, 2011, Plaintiff also filed a motion to amend her complaint to add Carmen Oien ("Oien") as a defendant. (Doc. 21.) According to Plaintiff's motion:

> On or around September 2, 2010, Oien claimed falsely to the Office of the Comptroller of the Currency, in her answer to a Complaint Plaintiff . . . filed with the Comptroller of the Currency[] against Defendant's [sic] U.S. Bank and[] Jonathan Rosenthal[] for lying, manufacturing, and fabricating loan modification documents . . . falsely claiming U.S. Bank had already given Plaintiff a loan modification . . .

.
(*Id.* ¶ 1.) Plaintiff also alleges that Oien falsely represented that "'U.S. Bank adjusted her interest rate to 5 percent in December 2008, a rate which Ms. Adams stated she could afford,' which is untrue." (*Id.* ¶ 2.)

Finally, Plaintiff filed two motions on December 22, 2011, which she identified on the docket as motions for permanent injunction. (Docs. 22, 23.) In both documents, however, Plaintiff seeks to further amend her complaint to add allegations against a new

defendant, "Lamco," which she states is U.S. Bank's REO division and asset management company. (*See* Doc. 22 ¶ 1.) According to Plaintiff, on December 20, 2011, she "received a voice message left by a contractor of Lamco, threatening legal action against Plaintiff" if Lamco failed to pay him for services on Plaintiff's property and "threatening to place a lien on Plaintiff's property if Plaintiff failed to return his call." (*Id.* ¶¶ 2, 3.) Plaintiff further alleges that she recently learned that Lamco is responsible for "the continuous diggings in [her] yard" and "engaged in illegal credit collection activities" in violation of the Fair Debt Collection Practices Act. (*Id.* ¶ 4; Doc. 23.)

## Analysis

Any of Plaintiff's claims premised on the Michigan Court of Appeals' decision in *Saurman* fail because the Michigan Supreme Court reversed that decision on November 16, 2011. *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). The Michigan Supreme Court held that MERS, as record holder of a mortgage, may initiate foreclosure proceedings by advertisement. *Id*. Moreover, Plaintiff's *Saurman*-related claims would have failed for the simple reason that U.S. Bank, not MERS, initiated the foreclosure proceedings related to the Property. For these reasons, and because Plaintiff failed to seek leave of Court before filing her "Amended Mass Joinder Complaint" (which constituted her second amended complaint), *see* Fed. R. Civ. P. 15(a)), the Court is granting Defendants' motion to strike that pleading.

Plaintiff fails to plead specific facts to support her claim that Defendants violated the FDCPA. In any event, the claim fails because the statute does not apply to

Defendants.  "It is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors." *Partlow v. Aurora Loan Servs., LLC*, No. 11–12940, 2012 WL 12766, at *5 (E.D. Mich. Jan. 4, 2012) (citing *Herman v. Citimortgage, Inc.*, No. 08–11215, 2008 WL 927779, at *2 (E.D. Mich. Apr. 4, 2008) (citing 15 U. S.C. § 1692a(6); *Scott v. Wells Fargo Home Mortgage*, 326 F. Supp. 2d 709, 717 (E.D. Va.2003), *aff'd* 67 F. App'x 238 (4th Cir. 2003); *Pollice v. Nat'l Tax Funding*, 225 F.3d 379 (3d Cir. 2000); and *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir.1985)).  The statute does not apply to an entity attempting to collect its own debt. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

Finally, Plaintiff states to state a claim upon which relief may be granted under HAMP.  As this Court has held, there is no private right of action under this statute.  *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) (collecting cases).

For the above reasons, the Court concludes that Plaintiff's claims in her amended complaint fail to state a claim upon which relief may be granted.  The Court therefore is granting Defendants' motion to dismiss and denying Plaintiff's motions for summary judgment and for injunctive relief.

With respect to Plaintiff's recent attempts to amend her complaint, the Court denies her requests for leave to do so because the proposed amendments would be futile. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995) ("'A motion to amend a complaint should be denied if the

amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"))

In her motion filed December 16, 2011, Plaintiff seeks to add a claim against Oien for making a false statements in September 2010. *See supra* at 4-5. Even if Oien made the alleged statements (i.e. that U.S. Bank already gave her a loan modification and adjusted her interest rate to a rate she could afford) and those statements were untrue, Plaintiff knew (or believed) the statements were false. Under Michigan law, "a misrepresentation is not actionable as fraud where the plaintiff knew or reasonably should have known the statement was false." *Appalachian Railcare Servs., Inc. v. Boatright Enters., Inc.*, 602 F. Supp. 2d 829, 881 (W.D. Mich. 2008) (citing *McIntyre v. Lyon*, 325 Mich. 167, 37 N.W.2d 903, 906 (1949) ( "Knowledge of the falsity of representations is inconsistent with reliance thereon.") (citing *Candler v. Heigho*, 208 Mich. 115, 175 N.W. 141, 143-44 (1919)); *see also Nieves v. Bell Indus., Inc.*, 204 Mich. App. 459, 517 N.W.2d 235, 238 (1994) ("[T]here can be no fraud where a person has the means to determine that a representation is not true.") Moreover, Plaintiff fails to allege facts to suggest that she somehow relied to her detriment on these statements.

Plaintiff's requests, filed December 22, 2011, to amend her complaint to join Lamco as a defendant are futile because, for the reasons discussed earlier, she cannot assert a FDCPA against this defendant.

## Conclusion

For the reasons set forth above, the Court is denying Plaintiffs' attempts to amend

7

her complaint and is dismissing the claims she asserts against Defendants in her amended complaint. Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 6] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendants' motion to strike [Doc. 14] is **GRANTED** and Plaintiff's "Amended Mass Joinder Complaint" [Doc. 8] is **STRICKEN**;

**IT IS FURTHER ORDERED**, that Plaintiff's motions for summary judgment [Docs. 10, 11, 15, 19, 20] are **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motions for leave to amend complaint and/or for permanent injunction [Docs. 21-23] are **DENIED**.

Date: January 12, 2012    s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Grace Ellis Adams
Edward C. Cutlip, Jr., Esq.
Davidde A. Stella, Esq.